| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| GUADALUPE GARZA, § | |
| § | |
| Petitioner, § | |
| § | |
| *versus* § | CIVIL ACTION NO. 1:13-CV-140 |
| § | |
| M. MARTIN, § | |
| § | |
| Respondent. § | |

## MEMORANDUM ORDER PARTIALLY ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Guadalupe Garza, a federal prisoner currently confined at FCI Beaumont, proceeding *pro se* and *in forma pauperis*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The Court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends petitioner's habeas petition be dismissed as petitioner failed to satisfy either prong of the Section 2255 savings clause. *See Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001).

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Petitioner originally filed objections to the Magistrate Judge's Report and Recommendation on April 15,

2013. Petitioner later filed an amended habeas petition in which he abandoned his original claims and appeared to abandon his objections.[1]

As to petitioner's amended claim that the District Court lacked subject matter jurisdiction to revoke his probation, this Court finds this claim also lacks merit. Petitioner is, in essence, challenging the validity of the revocation of his supervised release and resulting term of incarceration. As petitioner was not convicted in the Eastern District of Texas, this Court would lack jurisdiction to consider a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 if petitioner's filing was construed as such. Furthermore, because petitioner has a third amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 pending before the sentencing court in the Western District of Texas, Del Rio Division, the current petition can only be construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

A petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, however, is not a substitute for a motion to vacate. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001), *cert. denied*, 534 U.S. 1001 (2001). A prisoner may use Section 2241 as the vehicle for attacking the conviction only if it appears that the remedy provided by Section 2255 "is inadequate or

---

[1] To the extent petitioner may argue he did not abandon his objections, a *de novo* review of the objections in relation to the pleadings and applicable law reveal that the objections are without merit. *See* FED. R. CIV. P. 72(B). Petitioner's only objection was that the Magistrate Judge allegedly misstated the underlying facts regarding his original conviction and sentence. *See* Objections, docket entry no. 7. As petitioner's original petition and amended petition state, and as confirmed by the records in the underlying criminal proceeding, petitioner did plead guilty to a one count indictment for bank robbery on December 14, 2000. *See* Original Petition, docket entry no. 1; *see* Amended Petition, docket entry no. 9; *see also United States v. Garza*, 5:00-CR-264-OLG, docket entry no. 53. Petitioner was sentenced to fifty-seven (57) months of imprisonment to be followed by a supervised release term of 3 years. As a result of alleged violations of his conditions of supervision, petitioner's supervised release was revoked on July 3, 2012 and petitioner was sentenced to twenty-four (24) months of imprisonment. *See United States v. Garza*, 5:00-CR-264-OLG, docket entry no. 90 and *United States v. Garza*, 2:12-CR-314, docket entry no. 34.

ineffective to test the legality of his detention." 28 U.S.C. § 2255. The burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under Section 2255 rests squarely on the petitioner. *Jeffer*s, 253 F.3d at 830. A prior unsuccessful Section 2255 motion, or the inability to meet AEDPA's "second or successive" requirement, does not make Section 2255 inadequate or ineffective. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Petitioner has failed to demonstrate he was convicted of a nonexistent offense and that his grounds for review were foreclosed by circuit law when they could have been raised. *See Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001). Petitioner, therefore, has failed to satisfy the requirements of the savings clause and this Court is without jurisdiction to consider the claims brought in this Section 2241 petition. *Id.*

## ORDER

Accordingly, the findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **PARTIALLY ADOPTED** to the extent it recommends dismissal. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

SIGNED at Beaumont, Texas, this 7th day of June, 2013.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE